THOMAS C. NÁPIER, plaintiff in error, *vs.* OBEDIAH W. TRIMMIER, administrator, defendant in error.

1. If, for a valuable consideration paid down, a party contracted to leave to another a money legacy by will, and died without performing the contract, some good legal reason should be shown by his representative why performance ceased to be obligatory—such as rescission, novation, release, etc.

2. Though newly discovered evidence be cumulative, and therefore not, of itself, cause for granting a new trial, yet it may be regarded somewhat in passing upon the whole case, another ground of the motion being that the verdict is contrary to evidence.

Contracts.   Wills.   New trial.   Before Judge HALL.  Catoosa Superior Court.   February Adjourned Term, 1875.

Reported in the opinion.

J. E. Shumate; J. A. W. Johnson; W. K. Moore; W. H. Payne, by brief, for plaintiff in error.

D. A. Walker, by brief; A. T. Hackett, for defendant.

Bleckley, Judge.

1. A father, wanting to reclaim a dissipated son, induced him, in 1850, to convey to him his property, consisting of lands and slaves. He promised to pay the son's debts, and besides that, engaged to bequeath to him by will a certain sum of money, in addition to an equal share with that of other children, in his estate. He made his will accordingly, and paid a part or all of the debts in pursuance of his undertaking. Afterwaids, he withdrew this will from the custody in which he had placed it, and in 1860, made another, in which the only provision for this son was an equal share; and that was not given directly to the son, but to a trustee for the benefit of him and his family. The father died in 1870, and this latter will was admitted to probate in 1871. It contained a clause revoking all former wills. In 1875 the son brought his action against the administrator with the will annexed, to recover the amount which the father had promised to leave him in excess of an equal share. The administrator pleaded the general issue, want of assets, and the statute of limitations. He did not plead payment, performance, rescission or release. On the trial, the jury found in favor of the defendant; and the court refused a new trial.

The evidence *pro* and *con* need not be gone through for the purposes of this opinion. We have considered it all carefully, and the effect of it, except in so far as it tends to show defensive matters, is embodied in the foregoing statement. The conclusion at which we have arrived is, that the plaintiff established the contract substantially as alleged in the declaration, (varying only in amount,) and showed full performance of it on his part, and partial performance on the part of his father.

The breach in respect to the agreed legacy, (if the contract was in fact made, and if it still subsisted at the death of the old gentleman,) is apparent by reference to the will which was probated. Looking at all the evidence, it seems to us clear that the contract was made. Was it ever rescinded or modified? There is no direct evidence that it ever was, and circumstances warranting the inferrence that it was, have not been brought before us in the record. What may have been present to the jury which is not present to us we cannot know. We have no right to conjecture that they had the aid of facts which have not come hither for review.

2. Connecting both grounds of the motion for a new trial, we have no difficulty in saying that the motion should prevail. The newly discovered evidence may be cumulative, and therefore insufficient of itself, but some regard may be paid to it in passing on the whole case.

We are not to be understood as intimating what the verdict should be on a future trial, but only as declaring our conviction, based on the record, that another trial should take place.

Judgment reversed.