WEATHERS *v.* McFARLAND, administrator, *et al.*

*Atkinson, J.*—1. If a declaration be fatally defective in that it wholly fails to allege a right of action in the plaintiff, or it alleges facts showing a want of jurisdiction in the court to grant to the plaintiff the relief sought, a motion to dismiss, made at the trial, should prevail as though in the first instance a general demurrer had been regularly filed.

2. A judgment of the court of ordinary, rendered after due notice, admitting a will to probate in solemn form, until reversed or set aside in that court, is conclusive as to all questions which are involved in, and arise out of, the execution of the will itself; and is not subject to collateral attack raising such questions in any other court.

3. There was no such allegation of fraud, either in the execution of the will, or in the rendition of the judgment of the court of ordinary admitting the same to probate, as would authorize a court of equity to grant the relief prayed for, even if long acquiescence in the probate of the will by the plaintiff, after the attainment of his majority, did not bar his right to call in question either the validity of the will or the regularity of the probate proceedings. *Judgment affirmed.*

August 5, 1895.

Equitable petition. Before Judge Butt. Talbot superior court. September term, 1894.

The case of D. R. Weathers against J. McFarland, administratrix, and Ada McCrary, coming on to be tried, defendants demurred orally to the petition. Plaintiff objected to the demurrer being entertained, upon the ground that it came too late. The objection was overruled, and the demurrer was sustained. Plaintiff excepted.

The petition alleged: Plaintiff is the son of Francis T. Weathers by his wife Racheal H. Weathers, who was a daughter of Terrell Barksdale of Talbot county, deceased. While plaintiff was a small child his parents separated and continued to live separate, and after separation were legally and totally divorced. Plaintiff was taken by his father and lived with him, but frequently visited his mother who always showed great interest in and affection for him. After the divorce his mother married M. C. McCrary, now dead. Before said marriage Terrell Barksdale had made

a writing as his last will, duly executed and witnessed. By the eighth item of this will testator gave to his said daughter, for her sole and separate estate "during her natural life, and to her children and descendants of children that may be dead," certain negroes named, "this legacy not to vest until the children shall attain the age of twenty-one years." After making this will, Barksdale executed and published another written instrument to be a codicil thereto, in which he made the following bequest: "I give and bequeath to my daughter Racheal H. Weathers lot number 130, minus three quarters of an acre in the northwest corner; also, thirty-five acres more or less taken from lot number 123, and lying in the north and northeast corner of said lot; also, six acres lying and taken from the southwest corner of lot 159; all of said land lying and being in the sixteenth district of originally Muscogee, now Talbot county." It was the intention of Barksdale that his said daughter should take and hold the same estate and title to the land that she had and took in the eighth item of the will. Barksdale died, and the will and codicil were each duly proved in the court of ordinary, and letters testamentary issued to the executors therein named, and under the will and codicil said Racheal received the property, and the will and codicil gave her all the right that she ever had in any of the property therein given her. Immediately after her marriage to McCrary, he moved on the land and lived there until his death in 1881. After said marriage Racheal became severely afflicted with a cancer, and believing this affliction would terminate in her death, desired to make a will. It was her purpose to give in her said will most of her said property to petitioner, who is now and was then her only child, at the same time giving McCrary something. To that end she called in certain persons to witness the same and called on McCrary to write it, who told her she must write it herself, which she did, and whilst so writing or making preparations to do so, a conversation arose

between them as to how it should be made. When she indicated a desire to give petitioner the plantation known as the Terrell Barksdale place, whereon they then lived, she was told that she must give McCrary the land. She then remonstrated against doing so, and told him if she did there would be nothing left for her child, when McCrary stated that her entire property was not worth more than $500, that she could give the property to him and he would pay petitioner the $250, that she could will petitioner $250 and give McCrary the property and he would pay the same to petitioner. Under his dictation she signed, sealed and published her said will, copy of which is attached, which after her death was proved in solemn form before the court of ordinary. The statement so made by McCrary, that her entire property was worth only $500, was false and fraudulent, made to deceive her and to induce her to change her mind from giving petitioner the Terrell Barksdale plantation, and to will it to McFarland, and leave to petitioner only $250 and a bed and bedding, as specified in her will. At the time said statements were so made and with the effect aforesaid, said effects, including said plantation, were worth $2,500, and the pain and suffering of said Racheal were so great and her dependence on her husband for comfort and attention so entire, and her condition such as to demand most fair, honest treatment from him. But for said statements she would have given at least half of all she had to petitioner. She died on September 8, 1874, and soon after, the will was proved in solemn form and McCrary qualified as her executor. In ignorance of said fraud petitioner received from and receipted McCrary for the small sum left him in his mother's will, and he remained in ignorance of said fraud, without any fault on his part, until about August 8, 1891. McCrary as executor held all said property and effects of said Racheal from her death to 1881, of the annual value of $250. Before his death he married Jane Foster, who bore him a child

named Ella, now a minor. Said Jane was duly appointed administrator of McCrary's estate, and as such now has all the property held by said Racheal; also, all ready money left by McCrary, to wit, $1,500 cash for the rents and profits of said estate for six years. Said Jane has the entire estate of said Racheal and has held it for about ten years since McCrary's death to the present time, and has used and received the entire profits thereof, of the annual value of $250. Since McCrary's death she has married Robert McFarland. Of the rents and profits so received by her and by McCrary she has lately invested a large amount in certain land described, and instead of taking title to the estate of said Racheal, has taken it in her own name and is claiming it as her own property, and with her present husband now resides on the land, which is of the value of some $3,000. Petitioner is now twenty-one years old and is entitled to take as his property the property left in the eighth item of the will and in the codicil. If it should be considered by the court that for any reason he does not take the property so given in the eighth item, and that said Racheal held and owned her said estate by any other title, then the same was hers to be disposed of as she saw proper by will. By the fraud practiced on her by McCrary she was deceived, as above stated, and he is entitled to recover at least $1,000 with interest thereon from 1876, or one half her estate with the rents and profits thereof for the last fourteen years; and he asks that the decree of the court may be so moulded that he may get all his rights. Petitioner now tenders back to the estate of said Racheal the amount received by him, and asks that her entire estate be decreed to be his property, or such portion thereof as the court may determine he is entitled to, with interest, or that in lieu of interest an account be taken of the rents and profits of her estate, taking therefrom such amounts as he has heretofore received, with interest thereon; and that the land so purchased by Jane McFar-

land may be decreed to be sold to pay such sum as the court may adjudge he is entitled to, and that she be compelled to account for all the rents and profits arising from the estate of said Racheal that she has herself received since the death of McCrary, to the extent that the same has gone into her hands as administratrix of McCrary. Process was prayed against Jane McFarland, administratrix of McCrary, and Ella McCrary. The petition was filed February 17, 1891.

*J. J. Bull, Henry Persons & Son* and *C. J. Thornton,* for plaintiff.

*J. H. Martin* and *J. L. Willis,* for defendants.