In the Matter of the Probate of the Will of ROSANNA
HIGGINS, Deceased.

MICHAEL DOOLEY, JR., Appellant; MARGARET A. CLINTON
et al., as Executors of ROSANNA HIGGINS, Deceased,
Respondents.

(Argued February 27, 1934; decided April 17, 1934.)

*Nathaniel H. Brower* and *Louis Titlebaum* for appellant. The joint will is a good, valid and subsisting contract and could not be revoked by testatrix after the death of the joint maker. (*Rastetter* v. *Hoenninger*, 214 N. Y. 66; *Hermann* v. *Ludwig*, 186 App. Div. 287; 229 N. Y. 544; *Blaine* v. *Richardson*, 193 N. Y. Supp. 612; *Frazier* v. *Patterson*, 243 Ill. 80; *Lewis* v. *Lewis*, 104 Kan. 269; Civ. Prac. Act, § 342; *Matter of Decker*, 149 Misc. Rep. 364; *Phillip* v. *Phillip*, 96 Misc. Rep. 471; *Stone* v. *Hoskins*, L. R. 1905 Prob. Div. 194; *Campbell* v. *Dunkelberger*, 172 Iowa, 385; *Adams* v. *Swift*, 169 App. Div. 802; *Edson* v. *Parsons*, 155 N. Y. 555; *Parsell* v. *Stryker*, 41 N. Y. 480.) The Surrogate's Court now has comprehensive equitable powers over decedents' estates. (*Matter of Morris*, 134 Misc. Rep. 374; Surr. Ct. Act, § 40; *Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Enright*, 149 Misc. Rep. 353; *Matter of Seaman*, 205 App. Div. 681; *Matter of Dickman*, 142 Misc. Rep. 207; *Matter of Pulitzer*, 139 Misc. Rep. 575.) The Surrogate's Court has power to probate the joint will over the alleged last will. (Surr. Ct. Act, § 20, subd. 11; § 144, subd. 1; *People* v. *Ahearn*, 196 N. Y. 221; *Matter of Moyer*, 209 N. Y. 386; *Travelers Ins. Co.* v. *Padula Co.*, 224 N. Y. 397; *Matter of Rouss*, 221 N. Y. 81.)

*Frederick L. Kane* for Little Sisters of the Assumption, *amicus curiæ.*

*Raphael A. Egan, J. Sidney Bernstein* and *Philip A. Paulson* for respondents. The will offered for probate herein conforms to the requirements of section 144 of the Surrogate's Court Act, and must be admitted to probate. (*Matter of Davis*, 182 N. Y. 468; *Matter of*

*Hermann,* 178 App. Div. 182; 222 N. Y. 564; *Matter of Webb,* 122 Misc. Rep. 129; 208 App. Div. 793; *Matter of Lally,* 210 App. Div. 757; *Matter of Enright,* 138 Misc. Rep. 853; *Matter of Hawes,* 119 Misc. Rep. 359; 212 App. Div. 861; *Matter of Martin,* 128 Misc. Rep. 659; 221 App. Div. 773; *Schley* v. *Donlin,* 131 Misc. Rep. 208; *Rastetter* v. *Hoenninger,* 214 N. Y. 66; *Morgan* v. *Sanborn,* 225 N. Y. 454; *Matter of Holmes,* 147 Misc. Rep. 394.) Admitting the broad equitable powers granted by section 40 of the Surrogate's Court Act and the amendment of 1921, the Surrogate has no power, in this proceeding, to give any effect whatever to the joint will. (*Matter of Morris [Flanagan],* 134 Misc. Rep. 374; *Matter of Holmes,* 147 Misc. Rep. 394; *Matter of Hermann,* 178 App. Div. 182; 222 N. Y. 564; *Schley* v. *Donlin,* 131 Misc. Rep. 208.)

CROUCH, J. Thomas F. Higgins and Rosanna Higgins, his wife, executed a joint will dated September 26, 1923, disposing of their property both upon the death of either one of them and upon the death of the survivor. On July 27, 1931, following the death of Thomas F. Higgins, that will was probated as his last will. Rosanna Higgins subsequently executed a will materially altering the final dispositive provisions of the joint will. This proceeding was brought for the probate of the subsequent will. Michael Dooley, Jr., named as a legatee and an executor in the joint will, filed an answer objecting to its probate, and moved for the probate of the joint will as the last will and testament of Rosanna Higgins, alleging that the joint will was made pursuant to an agreement.

It seems to have been conceded that the later will was duly executed and that the testatrix at the time of executing it was in all respects competent to make a will and was not under restraint.

The motion was denied and the contestants were left to assert their rights, if any, under the joint will in an accounting proceeding, or by such other action as they

might be advised. The order was affirmed by the Appellate Division which has certified to this court the following question: " Had the Surrogate's Court power to withhold probate of the paper designated as a will executed by Rosanna Higgins in view of the earlier joint will executed by herself and husband and the circumstances disclosed by the record? "

The answer, upon clear authority, must be in the negative. Section 144 of the Surrogate's Court Act requires the Surrogate, when satisfied of the genuineness of the will and the validity of its execution, to admit it to probate. The provisions of this section look only to the formal validity of the will's execution and it is immaterial that the testator may have bound himself to a different disposition of the property by contract, just as it is immaterial that the will, if probated, may be wholly inoperative by reason of the invalidity of its provisions or of subsequent events making it ineffective. (*Matter of Davis*, 182 N. Y. 468; *Matter of Hermann*, 178 App. Div. 182; affd., 222 N. Y. 564; *Matter of Lally*, 210 App. Div. 757.)

The conclusion reached below is required not only by the mandatory language of section 144 of the Surrogate's Court Act, but also by the fact that the joint will having been revoked by the later will, is no longer a will and cannot be probated as such. "As a will an instrument is revokable at pleasure, but as a contract, if supported by an adequate consideration, it is enforceable in equity." (*Rastetter* v. *Hoenninger*, 214 N. Y. 66, 71.) (See, also, *Morgan* v. *Sanborn*, 225 N. Y. 454, 461.)

We see nothing in section 20, subdivision 11, of the Surrogate's Court Act, or in section 40 of the Surrogate's Court Act, as amended by chapter 439 of the Laws of 1921, which affects the rule established by the cases above cited. It may very well be that the Surrogate's Court now has jurisdiction either on the accounting or by a direct proceeding brought for the purpose to deter-

mine as a court of equity might the rights of the parties under the alleged contract between the joint testators. (Cf. *Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Cook*, 244 N. Y. 63.) However that may be, it is clear that the equitable power vested in the Surrogate's Court by section 40 may not be exercised so as to make a decision which is contrary to an express provision of another section in the same chapter.

The order should be affirmed, with costs. The question certified should be answered in the negative.

POUND, Ch. J., LEHMAN, O'BRIEN and HUBBS, JJ., concur; CRANE, J., dissents on authority of *Matter of Raymond* v. *Davis* (248 N. Y. 67, 71, 72); KELLOGG, J., not sitting.

Ordered accordingly.