In the Matter of the Estate of RACHEL GLICKMAN, Deceased.

Surrogate's Court, Kings County, April 14, 1939.

*Richards, Smith & McGrath* [*Francis A. McGrath* of counsel], for Rose Wisott, formerly Rose Glickman, petitioner.

*James H. Garnesey*, for the Pride of Judea Children's Home, Inc., legatee.

WINGATE, S. The facts of the present case present a somewhat unusual application of the immemorial principle that a propounded testamentary instrument must be admitted to probate by virtue of the mandatory provisions of section 144 of the Surrogate's Court Act, no matter what its devolutionary effect may be, if the surrogate is satisfied of its genuineness and the validity of its execution.

This thoroughly established doctrine received its most recent enunciation by the Court of Appeals in *Matter of Higgins* (264 N. Y. 226, 229), where it was said that the application of the rule is unvarying " and it is immaterial that the testator may have

bound himself to a different disposition of the property by contract, just as it is immaterial that the will, if probated, may be wholly inoperative by reason of the invalidity of its provisions or of subsequent events making it ineffective."

The present testatrix executed a will on May 9, 1934, wherein she purported to make complete disposition of her property. On January 18, 1937, she executed a codicil in which in some respects she materially altered the devolutionary directions previously made. On the following June 30, 1937, she made still another codicil to her will which recited that thereby the testatrix was " revoking all former codicils by me at any time heretofore made."

All of these three instruments are now before the court, and it has been satisfactorily demonstrated that they were all executed in conformity with section 21 of the Decedent Estate Law by a competent and uninfluenced testatrix. It follows that all must be admitted to probate and their composite devolutionary effect, if any, upon her possessions at death remitted for determination to a proceeding for construction to be later instituted. Under the direct mandate of the Court of Appeals this court may not presently concern itself with the fact that the first codicil " may be wholly inoperative by reason of subsequent events making it ineffective," namely, the act of the testatrix in executing the second codicil.

Enter decree on notice in conformity herewith.