## CAGLE *v.* JUSTUS.

No. 14676.   NOVEMBER 10, 1943.

McClure, Hale & McClure, for plaintiff in error.

Gleason & Painter and Shaw & Shaw, contra.

DUCKWORTH, Justice. ■ Where a party for a valuable consideration enters into a contract whereby he obligates himself to make a will, a failure during his lifetime to make the will according to the contract gives a right of action to enforce the terms of the contract against his estate. *Napier* v. *Trimmier,* 56 *Ga.* 300; *Banks* v. *Howard,* 117 *Ga.* 94 (43 S. E. 438); *Gordon* v. *Spellman,* 145 *Ga.* 682 (89 S. E. 749, Ann. Cas. 1918A, 852); *Bird* v. *Trapnell,* 147 *Ga.* 50 (92 S. E. 872); *Hardeman* v. *Ellis,* 162 *Ga.* 664, 668 (135 S. E. 195); *Hankinson* v. *Hankinson,* 168 *Ga.* 156 (2) (147 S. E. 106). This legal principle is conceded by the plaintiff in error, but it is urged in support of the demurrer that the petitioner was not a party to the contract, and hence should not be allowed to maintain the action, and that there was no consideration for making the will in the present case. The allegations of the amended petition show that the petitioner had rendered services to Mrs. Cagle until her death, in consideration of her repeated promises to give the petitioner all of her property. Therefore the petitioner had reason for being interested in the disposition of the property here involved. It is alleged that she as-

serted a right of interest in the property while Mrs. Cagle was asserting a right to have the deed to the defendant reformed; and that the defendant, confronted with these contentions, agreed to compromise by the execution of the will in question. We think the provisions of the Code, § 3-108, and the decisions of this court construing that section in *Sheppard* v. *Bridges,* 137 *Ga.* 615 (74 S. E. 245); *Crawford* v. *Wilson,* 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773), and *Shropshire* v. *Rainey,* 150 *Ga.* 566 (104 S. E. 414), have no application as contended by the plaintiff in error. Equity encourages settlement of controversies by compromise, and especially family controversies. In *Smith* v. *Smith,* 36 *Ga.* 184, 191, it was said: "The earliest case, perhaps—certainly the leading case on the subject of family agreements—is that of Stapleton *v.* Stapleton, 1st Atkins' R. Lord Hardwicke says: 'An agreement entered into upon a supposition of a right or of a doubtful right, though it afterwards comes out that 'the right was on the other side, shall be binding, and the right shall not prevail against the agreement of the parties. The compromise of a doubtful right is a sufficient foundation for an agreement. Where agreements are entered into to save the honor of a family, and are reasonable, a court of equity will, if possible, decree performance of them.'" In that case it was held that by waiving advantages or rights conferred by the terms of a will, with knowledge of such terms at the time the agreement was entered into with a view to obtaining family harmony, such waiver furnished sufficient consideration without anything else for the agreement, and that the agreement superseded the terms of the will, and that it had become the law for the distribution of the estate and should be enforced. To the same effect see *Belt* v. *Lazenby,* 126 *Ga.* 767 (2, 3) (56 S. E. 81); *Hinkle* v. *Hinkle,* 148 *Ga.* 250 (96 S. E. 340); *Preston* v. *Ham,* 156 *Ga.* 223, 234 (119 S. E. 658); *Broderick* v. *Reid,* 164 *Ga.* 474, 482 (139 S. E. 18).

Whether or not as a matter of law Mrs. Cagle could have succeeded in reforming the deed to make it conform to what she insisted was the agreement, or whether the petitioner could have legally asserted an interest in the land involved, under the above decisions the settlement by the defendant of these family contentions is sufficient consideration to bind the defendant to the terms of the will. Therefore the petitioner is entitled to prosecute the

present action to prevent destruction of the will or alienation of the property involved. The alleged facts were sufficient to authorize the court of equity to grant relief against the threatened injuries. A cause of action was alleged, and the court did not err in overruling the demurrer.

The defendant asserts that there were issues of fact which should have been submitted to a jury, and for this reason the court erred in directing the verdict. On the controlling question whether the will was executed in settlement or compromise of disputed claims there was no conflict in the evidence. For the purpose of this decision we may put aside all that had gone before, and look solely to the evidence relating to the execution of the will. While in an indirect manner the defendant, without directly contradicting the testimony of attorney Townsend, refused in his testimony to agree to what Townsend said, the defendant offered no evidence to contradict the positive testimony of Mrs. Justus that she had an agreement with Mrs. Cagle, by the terms of which she was to receive the property in question at Mrs. Cagle's death, and that she was asserting this claim to the property and requesting that the defendant provide by deed or will for the property to go to her at his death. Neither does he contradict her testimony to the effect that the will was executed in fulfillment of an agreement between the three that their respective claims of interest in the property should be thus adjusted or compromised. The evidence demanded the verdict for the petitioner. The court did not err in directing the verdict, and in overruling the motion for new trial.

*Judgment affirmed.  All the Justices concur.*