19823. ZACHOS *v.* CITIZENS & SOUTHERN NATIONAL
BANK *et al.*, Executors.

Argued September 12, 1957—Decided October 15, 1957—
Rehearing denied November 8, 1957.

*John H. Hudson, W. R. Hudson,* for plaintiff in error.
*Noah J. Stone,* contra.

Candler, Justice. Mike Zachos filed a petition in the Superior
Court of Fulton County against Citizens & Southern National
Bank and Mrs. Mamie Elizabeth Zachos, as executor and execu-
trix respectively of the estate of Louis G. Zachos. By amend-
ment, the plaintiff sought to make Mrs. Mamie Elizabeth Zachos
a party defendant in her individual capacity, but no order was
ever taken making her such a party, and the case proceeded
against the original defendants. The amendment designated the
allegations originally made as count one of the petition, changed
them in material respects, and added another count to the peti-
tion. As amended, count one alleges: The plaintiff and Louis G.
Zachos were brothers. They were both born in Greece. Louis
came to the United States in 1912, resided in Atlanta from about
1922 until his death on March 7, 1956, and accumulated a large
estate. In 1953 Louis G. Zachos and Mamie Elizabeth Zachos

jointly and equally owned a described farm in DeKalb County, consisting of 36 acres, more or less, and having a value of $20,000. During that year they visited the plaintiff at his home in Greece, and while there orally offered to build and furnish a dwelling house on their farm of sufficient size to accommodate the plaintiff, his wife, and their six children; to erect chicken houses on it large enough to take care of from three to five thousand day-old chickens, which they would purchase; to equip the farm with necessary farming tools and machinery for growing vegetables and other crops; to purchase and place on the farm livestock such as cows; and that each would make a will bequeathing to the plaintiff his and her interest in the farm, including the furnished dwelling, the farming tools and machinery, the livestock and the poultry they would place on it, if he would dispose of all of his property in Greece and with his family move to their DeKalb County farm, live on it, take care of it, protect it from trespassers, and raise poultry and farm products for them. The plaintiff orally accepted their proposition, and they returned to their home in Atlanta and built and furnished the dwelling house they were to provide. It is alleged: that the plaintiff sold all of his property in Greece, which was reasonably worth $20,000, for $10,225; that he spent a large part of this sum for traveling expenses on five necessary trips which he and his family had to make from his home to Athens, Greece, to secure visas and to arrange for the trip to America; that, after he sold his home, he was compelled at a large expense to himself to find quarters for them in Athens, Greece, for 30 days while transportation was being arranged and while immunization shots were being taken; and that he and Louis G. Zachos paid about $1,800 as the cost of transportation for himself and family from Greece to America. The plaintiff and his family left Greece on December 4, 1954, and came to the DeKalb County farm of Louis G. and Mamie Elizabeth Zachos, arriving there on December 17, 1954. He and his family have since then resided and do now reside on said farm, and have cultivated it annually, cleared some land on it, protected it from trespassers, collected a charge of $1 per day from those who wished to fish in a four-acre pond on the farm, and have raised poultry and looked after and cared for the livestock

which the owners placed on the farm. In 1955, he and his family cultivated about 4 acres in tomatoes, 3 acres in squash, 4 acres in sweet potatoes, 3 acres in okra, 4 acres in beans, 3 acres in strawberries, and 7 acres in corn. They gathered these crops and prepared them for market, as they were instructed to do by Louis G. and Mamie Elizabeth Zachos. The labor which he and his family have performed on the farm since December 17, 1954, is reasonably worth $500 per month or a total of $13,500, and for the sixteen months immediately before his death Louis G. Zachos paid him $100 per month on his living expenses, and for two months after his death Mrs. Mamie Elizabeth Zachos paid him a like amount to apply on his living expenses, "as a ratification of and a performance of the contract and agreement made by Louis G. Zachos and Mamie E. Zachos with petitioner." The $1,800 which Louis G. and Mamie Elizabeth Zachos paid the plaintiff for the labor he and his family performed on their farm was compensation for only one-fifth of its value to them. In April, 1955, Louis G. Zachos reaffirmed his agreement with the plaintiff to make a will leaving his interest in said farm and said personal property to him. He did so again in February, 1956, and again at other times. The will of Louis G. Zachos has been probated, and it contains no item which complies with his agreement with the plaintiff. Since the death of Louis G. Zachos, the defendants have removed from the farm a tractor and its attachments, two cows, and two saws which had been placed there by Louis G. and Mamie Elizabeth Zachos; also a tape recorder, which the plaintiff individually owned and which he used for the purpose of teaching his children to speak the English language. It is the intention of the defendants to deprive the plaintiff of said farm in an effort to force him to return to Greece. This count of the amended petition contains a prayer for a decree placing title in the plaintiff for Louis G. Zachos' interest in the farm and his interest in the personal property placed thereon, as specific performance of the contract which the deceased made with the plaintiff.

Count two alleges that Louis G. Zachos and Mamie Elizabeth Zachos, while visiting him at his home in Greece during 1953, orally proposed to the plaintiff that, if he would dispose of all

his property in Greece and move with his family to their farm in DeKalb County (the farm described in count one of the amended petition), live on it, grow produce and raise poultry, they would give him the farm, together with the livestock, poultry, and farming tools and machinery to be placed on it; that he orally accepted their proposition, sold his property in Greece, and moved to their farm, arriving there on December 17, 1954; and that they then put him in possession of the farm and he has since had possession of it. This count contains the same allegations respecting the relationship between Louis G. and Mamie Elizabeth Zachos and the plaintiff, and the same allegations concerning the loss he sustained in the sale of his property in Greece, as are contained in count one. Count two also contains the same allegations as those in count one concerning the labor which the plaintiff and his family performed on the farm for Louis G. and Mamie Elizabeth Zachos, the value thereof, and the amount he has been paid therefor. It also contains the same allegations respecting the removal of personal property from the farm by the defendants as those alleged in count one. There is a prayer that the court decree that the plaintiff has fee-simple title to the farm and the personal property mentioned in count one, in consequence of the gift thereof which Louis G. and Mamie Elizabeth Zachos made to him. The court sustained renewed demurrers to each count of the amended petition and dismissed it. The plaintiff excepted.

■ The demurrer questions the sufficiency of the allegations of count one of the petition as amended to state a cause of action against the defendants for a decree specifically enforcing an oral contract which the testator, Louis G. Zachos, allegedly made with the plaintiff to will him his interest in certain lands and personal property, on the ground that such a contract is null and void and therefore unenforceable, since it is in violation of the statute of frauds which requires contracts respecting land to be in writing. As to this contention, it may be said at the outset that contracts under which one of the contracting parties agrees with the other, for a valuable consideration, to make a will giving him property, real or personal, or both, have been sustained and enforced in America from the earliest times, and the validity

of such contracts seems now to be settled beyond all doubt. And where the party in whose favor the will is to be made has performed his part of the contract and the other party dies without making the will, or leaves a will in which there is no compliance with the contract, or leaves a will which by its terms complies with the contract but is invalid for some reason, the disappointed party may apply to a court of equity for a decree against his estate enforcing the contract. *Banks* v. *Howard,* 117 *Ga.* 94 (43 S. E. 438) ; *Cagle* v. *Justus,* 196 *Ga.* 826, 831 (28 S. E. 2d 255), and the cases there cited. The rule just stated applies to an oral as well as to a written contract to devise property where the party in whose favor the will was to be made has performed his part of the contract. *Gordon* v. *Spellman,* 145 *Ga.* 682 (89 S. E. 749, Ann. Cas. 1918A, 852). As pointed out by the preceding statement of facts, the allegations of count one of the petition as amended show that the plaintiff has fully performed his part of the contract which he seeks to have enforced; and a person in possession of land, who has fully performed his part of a valid contract to render services to another upon a promise that the latter will, as a consideration for the services, make a will giving the property to him, is in the same position as one who is in possession of land for which he has paid the purchase-price in full, and consequently holds a perfect equity. *Whitehead* v. *Dillard,* 178 *Ga.* 714 (174 S. E. 244) ; *Bowles* v. *White,* 206 *Ga.* 433, 438 (57 S. E. 2d 547). Hence, there is no merit in the contention that the contract here involved falls within the operation of the statute of frauds, and for that reason cannot be enforced.

The defendants' demurrer also attacks the sufficiency of count one of the petition as amended to state a cause of action for the relief there sought, on the grounds: (1) no consideration for the agreement to make a will is alleged; (2) its allegations fail to describe any specific real estate to be willed to the plaintiff; (3) there is no allegation describing the dwelling house which the defendant allegedly promised to build; and (4) the allegations respecting the agreement to erect chicken houses and to place poultry, livestock, and farming equipment on the farm show that it is too vague, indefinite, and uncertain to be enforced. These grounds of the demurrer will be considered in the order of their statement.

Every contract must, of course, be founded on a valid consideration, and Code § 20-302 declares: "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise." As early as *Tompkins* v. *Philips,* 12 *Ga.* 52, this court said: "1. Any benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by, or charge imposed upon, him to whom it is made, is sufficient consideration, in the eye of the law, to sustain an assumpsit. 2. *Damage* or *trouble* to the promisee, as well as *benefit* to the promisor, is a sufficient consideration to support a promise." See also *Lanier* v. *Council,* 179 *Ga.* 568 (176 S. E. 614) ; and *R. A. C. Realty Co.* v. *W. O. U. F. Atlanta Realty Corp.,* 205 *Ga.* 154, 164 (52 S. E. 2d 617). Our statement of the facts clearly shows that Louis G. Zachos, the promisor, received a benefit from his promise to make the will, and it also shows that the plaintiff, by his acceptance of the promise and by his performance of his part of it sustained an injury or loss. In this connection, see *Mims* v. *Lockett,* 33 *Ga.* 9; Burgesser *v.* Wendel, 73 N. J. L. 286 (62 Atl. 994). In the case last cited it was said: "1. A change of residence at another's request is a valid consideration for a promise to pay money. 2. A promise to pay a certain sum weekly, as long as the promisee resides in a certain place, does not require a memorandum under the statute of frauds." Hence, the allegations of the amendment to count one of the petition show a valid consideration for the alleged agreement to make a will, and the ground of the demurrer which attacks them for their failure to show a valid consideration for such agreement is without merit.

There is no merit in the contention that the plaintiff is seeking a decree which will place title in him to a farm, different from the one about which he contends the 1953 contract concerned. The farm here involved is one owned jointly and equally by the estate of Louis G. Zachos and Mamie Elizabeth Zachos, and it is fully and definitely described by "Exhibit A," attached to and by reference made a part of the original petition. Paragraph 5 of the amendment to count one of the petition alleges that Louis G. and Mamie Elizabeth Zachos visited in the home of the plaintiff while in Greece during 1953, and each then agreed orally

to build a house on the farm which they owned in DeKalb County—the farm described in "Exhibit A" of the original petition, sufficient in size to accommodate the plaintiff, his wife, and their six children—and to make a will devising that particular farm to him if he would dispose of his property in Greece and with his family move to their farm and render certain services to them. The amendment also alleges that the plaintiff was placed in possession of the farm described in "Exhibit A" when he arrived in DeKalb County, and that he has since been and is now in possession of it.

The allegations of the amendment to count one of the petition show that the plaintiff accepted the furnished dwelling house which Louis G. and Mamie Elizabeth Zachos built on their farm, and also the chicken house and the personal property placed on it by them as compliance with the oral contract he made in 1953 with them respecting the same; and those grounds of the demurrer which attack the allegations of the amendment for its failure to allege facts respecting these parts of the contract are not meritorious. As to count one of the amended petition, the court erred in sustaining the defendants' demurrers thereto and in dismissing it.

Count 2 of the amended petition alleges that Louis G. and Mamie Elizabeth Zachos gave the farm and personal property here involved to the plaintiff, and delivered possession of the same to him on December 17, 1954, and that he has since then had the same in his possession. This count also alleges that the plaintiff and his family have since December 17, 1954, cultivated the farm annually for Louis G. and Mamie Elizabeth Zachos and rendered for them other enumerated services on the farm in question; that such services have been reasonably worth $500 per month or a total of $13,500 to Louis G. and Mamie Elizabeth Zachos; and that the plaintiff has been paid only $1,800 therefor. The allegations respecting a gift of the property here involved by Louis G. and Mamie Elizabeth Zachos to the plaintiff, and the allegations respecting the subsequent services performed on the farm for Louis G. and Mamie Elizabeth Zachos by the plaintiff and his family, the value thereof, and the amount the plaintiff has been paid for the same by Louis G. and Mamie Elizabeth

Zachos, are inconsistent and contradictory allegations, which completely neutralize and destroy each other; and since such inconsistent and contradictory allegations canceled out each other, this count of the petition fails to state a cause of action, and the court did not err in sustaining a general demurrer to it. See *Adams* v. *Johnson*, 182 *Ga.* 478 (185 S. E. 805); *Owen* v. *S. P. Richards Paper Co.*, 188 *Ga.* 258 (3 S. E. 2d 660).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Duckworth, C. J., who dissents.*