### 22864. SIMPSON v. DODGE.

MOBLEY, Justice. Whether a will made in fulfilment of and pursuant to a valid contract, fully executed by the contracting parties, is revoked by the marriage of the testator subsequent to the making of the will in which no provision was made in contemplation of the marriage is for decision here. The children of the testator's first wife, his stepchildren, were excluded from the will of their mother who willed all of her property to her husband. The children and their stepfather entered into a contract under the terms of which he agreed to make a will and devise all of his property including that

received under his wife's will to the stepchildren, and they agreed not to contest the probate of their mother's will. The contract was fully executed and performed. He remarried and died without making a new will. The stepchildren offered the will made before his marriage for probate. The ordinary sustained the caveat of the widow and dismissed the petition to probate. The exception is to the judgment of the trial court su taining a motion to strike the original petition to probate the will and sustaining the order of the ordinary denying the will to probate. *Held:*

The provision of *Code* § 113-408 that "In all cases, the marriage of the testator . . . subsequent to the making of a will in which no provision is made in contemplation of such an event, shall be a revocation of the will," requires an affirmative answer to the question. The Code makes no exception to the rule. The parties to the contract are charged with knowledge of the law. Thus the stepchildren knew or are charged with knowing at the time they entered into the contract with their stepfather, that if the will made pursuant to their contract contained no provision made in contemplation of his remarriage, his remarriage would revoke the will. They knew further that he was free to remarry. Their contract simply did not protect them in case their stepfather remarried. The cases relied upon by the plaintiff in error, to wit, *Harp v. McGehee,* 179 Ga. 836 (1a) (177 SE 244); *Lowe v. Bryant,* 30 Ga. 528 (1) (76 AD 673); and *Cagle v. Justus,* 196 Ga. 826 (1) (28 SE2d 255) do not reach the question presented here. The validity and enforcement of a contract to make a will is upheld in *Harp v. McGehee,* supra. An agreement to make a will fully executed cannot be changed by codicil. *Lowe v. Bryant,* supra. A will made in fulfilment of an agreement made by members of a family compromising and settling their claims to property disposed of by will, is binding upon the parties and may not be revoked or destroyed to avoid such agreement. *Cagle v. Justus,* supra. This will was revoked by operation of law—a law in existence at the time the contract between the stepchildren and their stepfather was made. A provision in contemplation of his remarriage was not included in the will. Thus his remarriage revoked the will.

*Judgment affirmed. All the Justices concur.*

Submitted February 9, 1965—Decided March 3, 1965.

*Francis Houston, Clarence D. Blount,* for plaintiff in error.
*C. Winton Adams, Ronald F. Adams,* contra.