28035. JONES v. JONES.

ARGUED JULY 9, 1973 — DECIDED SEPTEMBER 6, 1973 —
REHEARING DENIED OCTOBER 4, 1973.

*Houston White,* for appellant.

*James Beverly Langford, Robt. Thomas Pope,* for appellee.

JORDAN, Justice. ■ The question presented here is whether a will made pursuant to an agreement between a husband and wife, said agreement being incorporated into the divorce decree between them, can be revoked by a subsequent will or by operation of law. We have concluded that such a will can be revoked by a subsequent will and that the trial court was correct in so holding in this case.

Our statutes amply provide for the revocation of a will, expressly providing that a will, having no effect until death, is necessarily revocable "at any time before . . . death"; even a mutual will with a covenant against revocation (Code § 113-401). Revocation may be express or implied (Code § 113-402); by destruction or obliteration (Code § 113-404); by inconsistent provisions of a will (Code § 113-407); by marriage of the testator, total divorce, or birth of a child (Code Ann. § 113-408). We know of no exceptions to these statutory methods of revocation and none are embedded in the statutes.

In *Simpson v. Dodge,* 220 Ga. 705 (141 SE2d 532), this court had for decision the question of whether a will made pursuant to a fully executed valid contract would be revoked by the marriage of the testator subsequent to the making of the will in which no provision was made in contemplation of the marriage. The question was answered in the affirmative, citing Code Ann. § 113-408, and saying, "The Code makes no exception to the rule. The parties to the contract are charged with knowledge of the law. Thus the stepchildren knew or are charged with knowing at the time they entered into the contract with their stepfather, that if the will made pursuant to their contract contained no provision made in contemplation of his remarriage, his marriage would revoke the

will. They knew further that he was free to remarry. Their contract simply did not protect them in case their stepfather remarried." *Simpson v. Dodge,* supra, p. 706. Likewise in this case the parties were charged with knowledge of Code § 113-401 providing that a will is of no effect until the death of the testator and that any will is revocable at any time before death. A will does not confer any present right or estate at the time of its execution and has been compared to an undelivered deed. *Payne v. Payne,* 213 Ga. 613, 614 (100 SE2d 450).

When a testator executes a valid will containing a clause expressly revoking all former wills made by him, such revocation takes effect immediately. *Cash v. Cash,* 212 Ga. 416 (93 SE2d 346).

We must keep in mind that a "contract" to make a will and an executed "will" are two separate and distinct instruments. They do not merge into one; each stands upon and is governed by different principles of law. For instance, a contract is binding upon the parties at the time it is executed. A will, though fully executed, is not effective or binding upon the testator until death.

There is no serious question here but that the agreement entered into between C. M. Jones and his former wife in 1942 is a valid and binding contract. "Contracts under which one of the contracting parties agrees with the other, for a valuable consideration, that he will make a will giving to the other property, either real or personal, have been enforced in America from the earliest times, and the validity of such contracts seems now to be beyond all doubt." *Harp v. McGehee,* 179 Ga. 836 (1a) (177 SE 244). Such an agreement will be enforced even though oral. *Napier v. Trimmer,* 56 Ga. 300; *Zachos v. C & S Nat. Bank,* 213 Ga. 619 (100 SE2d 418). Where a will is made pursuant to such an agreement, even if revoked, such revocation does not avoid the agreement which is binding on the parties. *Cagle v. Justus,* 196 Ga. 826 (28 SE2d 255).

"Under the foregoing rule, if there is a breach of any agreement, whether to devise or not to devise, an aggrieved party, or his representative, is not without a remedy. He or his representative, in a proper case, may recover upon quantum meruit, or for damages, or for specific performance, with tracing of funds, whichever remedy is appropriate." *Thomas v. Roughton,* 227 Ga. 127, 131 (179 SE2d 62).

While no Georgia case has been found with the precise facts of this case, the result we reach is in accord with the general rule. In In re Higgins' Will, 264 N. Y. 226 (190 NE 417) it was held that though a testator may have bound himself by contract to a

different disposition of property, such would not permit withholding a subsequent will to probate and that the prior joint will was revoked by the later will. In In re Lieurance's Estate, 181 Ore. 646, 668 (182 P2d 969) it was said that it is no objection to the probate of a will that it violates such an agreement or revokes a former will made in pursuance of it, and that while the former will is revoked as a will it still stands as evidence of the contract. The Oregon Court concluded "In short, a contract to make a will, when based upon sufficient consideration, is irrevocable, although the will which was executed pursuant to it remains revocable." See also, 94 CJS 884-887, Wills, § 122.

The appellant strongly and mainly relies on the case of *Lowe v. Bryant,* 30 Ga. 528 (76 AD 673). There the deceased entered into an oral pre-nuptial agreement with his fiancee that the property which he received from her on the marriage he would give to her and the children of the marriage by will; that after marriage he executed such a will and immediately afterwards, by a codicil, changed the disposition of the property so as to give his wife only a life estate in the property. The court held that upon the execution of the will, the agreement became fully executed (thus taking the parol agreement out of the statute of frauds), and "excluded him from making any subsequent disposition by codicil or otherwise, that would *defeat the agreement,* and it [the agreement] must be enforced." (Emphasis supplied). The holding in that case does not infer that the will itself could not be revoked, but does hold that once an agreement to devise becomes fully executed that it cannot be defeated by a codicil or subsequent will. See 1 Redfearn, Wills and Administration in Georgia, p. 40, § 15.

Thus we conclude that the 1942 will, though executed pursuant to a valid contract, was revoked by the revocation clause in the 1956 will.

■ In view of what is said above, we need not consider the effect of the divorce and subsequent remarriage of the testator on the 1942 will.

■ Neither do we consider the rights and liabilities of the parties resulting from the 1942 agreement between the testator and his first wife.

*Judgment affirmed. All the Justices concur.*