29039. RIGBY v. POWELL et al.

JORDAN, Justice.

This is an appeal from the order of the trial court dated April 24, 1974, granting the appellees' motion to dismiss and for summary judgment.

Appellant, Ralph A. Rigby, and Doris Wynn were married in 1957 and lived together as husband and wife until her death in Lowndes County, Georgia on September 16, 1971. Both had children by previous marriages and the appellees are the two sons of Doris Wynn Rigby by a previous marriage. Anthony Powell, named as executor of his mother's will, petitioned the Court of Ordinary of Lowndes County for the probate in solemn form of the will of his mother dated March 30, 1965. Notice was given to the appellant who acknowledged due and legal notice of the petition to probate in solemn form the will of said Doris Wynn Rigby. On October 3, 1971, the ordinary of Lowndes County entered an order admitting to record said will and issued letters testamentary to Anthony Powell. Ralph A. Rigby was a legatee under the provisions of this will, having been devised an interest to certain real property until his death or remarriage and fee simple title to certain items of personalty including a checking account. All other property, both real and personal, was given to her two sons, the appellees herein.

The appellant remarried on April 20, 1972, and in January, 1973, was notified to vacate certain real property under the terms of the will due to his remarriage.

In July, 1973, the appellant filed his petition in

Barrow Superior Court against the appellees in which he asserted that in August, 1962, he and his wife Doris Wynn Rigby entered into an agreement whereby both would make and execute companion or mutual wills by which each would leave all of their estate to the other, but that his wife secretly violated the terms of their agreement and executed a different will. He prayed that the court enter a decree declaring the will of Doris Wynn Rigby void and inoperative as to him and that the appellees be ordered and directed to pay over to him the entire assets of the estate of Doris Wynn Rigby.

To this petition the appellees filed timely defensive pleadings and a motion to dismiss for failure to state a claim and for summary judgment which was granted by the trial court. *Held:*

1.   Appellees' motion to dismiss this appeal is denied.

2.   The appellant made a motion to strike the appellees' answers on the ground that the same were not verified, said motion based on the answer of the appellees to an interrogatory that they did not take a formal oath though they had read the oath before signing same. The trial court sustained the appellant's motion to strike subject to the appellees filing an amendment to verify their answers. The failure to verify, if required, is an amendable defect and the trial court did not err in allowing such an amendment. Code Ann. § 81A-115 (a); *Wall v. Mills,* 126 Ga. App. 149 (1) (190 SE2d 146). Therefore, there is no merit in the appellant's contention that by striking the appellees' answers subject to amendment the suit was placed in default.

3.   The will of Doris Wynn Rigby, having been duly probated in solemn form with notice to the appellant, cannot be declared void as prayed in this proceeding. A judgment of probate in solemn form, after due notice, is conclusive and is not subject to collateral attack in any other court. *Weathers v. McFarland,* 97 Ga. 266 (2) (22 SE 988); *Miller v. Miller,* 104 Ga. App. 224, 226 (121 SE2d 340); Code Ann. § 113-602.

4.   There can be no doubt that a contract to make a will, for a valuable consideration, is valid and if breached can be enforced against the estate. *Harp v.*

*McGehee,* 179 Ga. 836 (1a) (177 SE 244); *Cagel v. Justus,* 196 Ga. 826 (28 SE2d 255); *Jones v. Jones,* 231 Ga. 145 (200 SE2d 725); and *Liberty Nat. Bank &c. Co. v. Diamond,* 227 Ga. 200 (179 SE2d 761). The aggrieved party "may recover upon quantum meruit, or for damages, or for specific performance, with tracing of funds, whichever remedy is appropriate." *Thomas v. Roughton,* 227 Ga. 127, 131 (179 SE2d 62).

Such an agreement will be enforced even though oral where the party in whose favor the will was to be made has performed his part of the contract. *Napier v. Trimmier,* 56 Ga. 300; *Zachos v. C. & S. Nat. Bank,* 213 Ga. 619 (100 SE2d 418); and *Liberty Nat. Bank &c. Co. v. Diamond,* supra. However, such a contract must be definite, certain, and precise in its terms and its existence must be established beyond a reasonable doubt. See *Salmon v. McCrary,* 197 Ga. 281 (29 SE2d 58); and *Harp v. Bacon,* 222 Ga. 478 (150 SE2d 655).

5.   Do the allegations of the complaint, and the affidavit of the appellant in opposition to the motion for summary judgment of the appellees, make an issue of fact for determination?

The terms of the contract between the appellant and his deceased wife, as shown by the allegations and affidavit, were essentially as follows: The appellant and his wife agreed that they would execute mutual wills, by which each would leave to the other the respective properties of which each died seized and possessed, giving to their respective sons the sum of one dollar each, except that the wife would leave the sum of $1,000 to her stepdaughter; all of the appellant's earnings as a trader would be deposited in a bank selected by them, out of which all their joint living expenses were to be paid, and any surplus would be invested in income-producing real estate; the wife's earnings would be deposited in a savings account to be used only for emergencies.

The appellant's affidavit stated that from the date of their marriage he had purchased several parcels of real estate out of his surplus earnings and caused the title thereto to be placed in the name of his wife, in keeping with the terms of their agreement. He further stated that it was not until after the death of his wife that he learned

that she had failed to perform her part of the agreement to make mutual wills.

This court has held that: "Where mutual wills are the result of a contract based upon a valid consideration, and *where after the death of one of the parties the survivor has accepted benefits under the will of the other which was executed pursuant to an agreement,* equity will, where the facts are fully proved, interpose to prevent fraud, and will compel the execution of such agreement by the survivor." *Clements v. Jones,* 166 Ga. 738 (2b) (144 SE 319); *C. & S. Nat. Bank v. Leaptrot,* 225 Ga. 783, 786 (171 SE2d 555).

That is not the situation in the present case. The wife, who breached the contract, died first, and she had not accepted any benefits under the appellant's will.

There is a conflict of authority in other jurisdictions as to whether there is sufficient consideration for a contract to make a mutual will where the party breaching the contract predeceases the party performing the contract. See 169 ALR 45.

During the wife's lifetime she had the benefit of the possibility of taking under the appellant's will, which will remain unrevoked at her death. Furthermore, the whole plan of their joint acquisition of property was a part of their agreement to make mutual wills, and the appellant placed property in his wife's name under the mistaken belief that she had performed her contract and made a will leaving all of her property to him. The present case made an issue of fact as to the right of the appellant to equitable relief.

6. Is the action barred by laches?

The failure of the appellant to protect the probate of his wife's will would not bar his action because the court of ordinary had no jurisdiction to enforce the contract.

Whether the appellant is barred by laches because of delay in bringing the action would ordinarily be a question of fact.

7. Was the affidavit of the appellant sufficient to support his position in opposition to the appellees' motion for summary judgment?

Code Ann. § 81A-156 provides that affidavits "shall

be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

The appellant's testimony as to transactions with his deceased wife would not be admissible, over objection, on the trial, under Code Ann. § 38-1603 (1). However, such testimony is admissible under certain circumstances, and is not without probative value. *Wood v. Isom,* 68 Ga. 417 (5); *Dowling v. Doyle,* 149 Ga. 727, 731 (102 SE 27); *Padgett v. Gaddis,* 156 Ga. 385 (2) (119 SE 525). See *Roberts v. Johnson,* 152 Ga. 746 (111 SE 194).

On summary judgment the court is concerned only with whether there is a genuine issue of fact for determination and not with the difficulty the appellant may have in proving his case.

Since there are material issues of fact which must be determined in the trial court, it was error to grant the appellees' motion to dismiss for failure to state a claim and the motion for summary judgment.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 19, 1974 — DECIDED NOVEMBER 5, 1974.

*A. W. Touchton,* for appellant.
*Russell, McWhorter & Adamson, Richard B. Russell, III,* for appellees.