## 43301. WYRICK v. WYRICK et al.
### (349 SE2d 705)

BELL, Justice.

Appellant Jeannette Wyrick is the executrix of the estate of her husband, Johnnie Wyrick. Jeannette brought this action alleging that her mother-in-law, appellee Nellie Wyrick, breached her agreement to make a will to devise certain property upon her death to Johnnie and Jeannette. Jeannette further alleged that appellees Leila Wyrick Brasewell and Myrtis Wyrick Busick, her sisters-in-law, acted to cause Nellie Wyrick to effect this alleged breach.

Jeannette alleges that the contract to make a will was given in exchange for property transferred by and for services rendered by Jeannette and Johnnie Wyrick to Nellie Wyrick and her husband. The evidence shows that Nellie Wyrick, after the death of her husband, executed a will leaving the subject property to Johnnie Wyrick. Johnnie Wyrick died in 1982, at which time Nellie Wyrick executed a will leaving the property to Jeannette Wyrick. After Johnnie's death Jeannette looked after Nellie Wyrick for a short period of time. Nellie then moved to the home of her daughter, Myrtis Busick, in Florida, and subsequently executed a new will which leaves the property to her daughter, Leila Brasewell.

In this action Jeannette sought specific performance of the agreement by Nellie Wyrick to make a will in favor of Jeannette. Alternatively, she sought quantum meruit recovery based on the value of services performed for and property transferred to Nellie Wyrick. An injunction to prevent the sale of the property was also sought. The trial court, relying on *Zachos v. Zachos,* 214 Ga. 629 (106 SE2d 775) (1959), granted summary judgment to the appellees, specifically holding "that the cause of action based upon an agreement to execute a will to make a specific devise shall not arise until the death of the party agreeing to make such a will and devise." Jeannette appeals. We affirm in part and reverse in part.

A contract to make a will, which is supported by a valuable consideration, is valid. If there is a breach of such an agreement, the aggrieved party may sue for damages, or for specific performance, or

upon quantum meruit. *Rigby v. Powell*, 233 Ga. 158 (4) (210 SE2d 696) (1974); *Jones v. Jones*, 231 Ga. 145 (200 SE2d 725) (1) (1973).

In *Zachos v. Zachos*, supra, 214 Ga., we dealt solely with the question of when a cause of action for the specific performance of a contract to make a will arises, and we held that the cause of action does not arise until the death of the promisor. This conclusion is mandated because, by the very terms of a contract to make a will, the promisee is not entitled to the possession of the property until the death of the promisor, and because the promisor has his or her entire life to make a will leaving the property to the promisee upon death. *Zachos v. Zachos*, supra, 214 Ga.; *Clark v. Clark*, 288 NW2d 1, 11 (11, 12) (Minn. 1979). The trial court therefore correctly granted summary judgment to the appellees as to Jeannette's claim for specific performance.

However, we reach a different conclusion with regard to Jeannette's claims for quantum meruit recovery and injunctive relief. First, many courts have recognized that in some situations it is necessary to grant the promisee equitable relief before the death of the promisor if the promisee's interests are to be adequately protected and not irreparably harmed. See *Cagle v. Justus*, 196 Ga. 826 (28 SE2d 255) (1943); *Clark v. Clark*, supra, 288 NW2d at 11; *Thompson v. Thompson*, 495 A2d 678 (4, 5) (R.I. 1985); *Sparks, Legal Effect of Contracts to Devise or Bequeath Prior to the Death of the Promisor*, 53 Mich. L.Rev. 1 (1954); Annot., 7 ALR2d 1166 (1948). For example, in *Cagle v. Justus*, supra, 196 Ga., this court approved the injunction of a promisor's inter vivos conveyance to a third party of property he had promised to convey to the plaintiff upon his death.

Moreover, in situations where the promisor has made a clear repudiation[1] of the contract, courts have permitted promisees to bring suits for quantum meruit recovery during the lifetime of the promisor, see *Harmon v. Aughtry*, 85 SE2d 284, 286 (1955); *Sparks*, supra, 53 Mich. L. Rev. at 28; 7 ALR2d, supra at 1193, on the theory that the repudiation gives the promisee the right to treat the contract as rescinded. In such an action the promisee is not insisting upon any rights to the property contracted for, but is instead seeking the current recovery of the actual value of the services rendered or other consideration paid in reliance upon the contract.

Based on the foregoing, it is clear that the trial court in the instant case erred in granting summary judgment to the appellees on Jeannette's quantum meruit and injunctive relief claims solely on the ground that such causes of action did not arise until the death of Nel-

---

[1] It is necessary for the repudiation to be clear and positive, since, pursuant to the agreement, there is normally no reason to expect performance of the contract before the promisor's death. *Sparks*, supra, 53 Mich. L.Rev. at 27.

lie Wyrick.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED NOVEMBER 12, 1986.

*Kenneth M. Henson, Jr.,* for appellant.
*Wayne Jernigan, Richard C. Hagler,* for appellees.