## 46006. McLENDON et al. v. PRIEST et al.
(376 SE2d 679)

BELL, Justice.

This appeal concerns the validity of an oral contract to make a will. The appellants are relatives of Raymond and Mattie Cook. Raymond and Mattie were married for many years, and they accumulated substantial wealth before Raymond's death in 1966. Mattie died testate in 1986, leaving much of her estate to the appellees, who had been her attorney and bookkeeper during her later years.

The appellants then brought this suit, alleging that before Raymond died he and Mattie entered into an oral agreement providing that if he predeceased Mattie, he would leave her all or most of his estate,[1] and that Mattie, at her death, would leave her estate "one-half to Raymond's family and one-half to her family." The appellants, inter alia, sought specific performance of Mattie's alleged contract with Raymond. The appellees moved for summary judgment, attacking the alleged contract on several grounds. The trial court, however,

---

[1] The parties dispute Raymond's duty regarding the amount of his estate he was required to leave Mattie. It is undisputed that, although he left the bulk of his estate to her, he did not leave her his entire estate. Any issues regarding this discrepancy are not involved in this appeal, because, as noted below, the trial court ruled the agreement invalid on a separate ground.

only ruled on one of those grounds, holding that the word "family" rendered the agreement too indefinite to enforce. We disagree.

The parties do not dispute that Raymond and Mattie could enter into an oral contract to dispose of their property in a certain fashion at death. See *Wyrick v. Wyrick*, 256 Ga. 408, 409-410 (349 SE2d 705) (1986); *Rigby v. Powell*, 233 Ga. 158, 159-160 (210 SE2d 696) (1974). Moreover, for purposes of this appeal, the parties do not dispute that Raymond and Mattie entered into a contract under which Mattie had a duty to leave her estate to Raymond's and Mattie's families. The parties' dispute, instead, centers around the rule that such contracts must be clear and definite to be enforced. Id. at 159-160 (4); *Wilson v. Nichols*, 253 Ga. 84, 85 (2) (316 SE2d 752) (1984). Specifically, the issue is whether Mattie's duty to leave her estate to the respective families is too indefinite, in that the meaning of "family" is unclear. We find that the duty is not indefinite.

Before reaching a conclusion concerning the required definiteness, we must first apply our pertinent rules of interpretation. See Restatement, 2d, Contracts, § 362, Comment b, p. 179. In this regard, " 'the fundamental rule, the rule which swallows up almost all others in construing a [contract], is to give it that meaning which will best carry into effect the intent of the parties. This is the object of the rules of interpretation, to discover the true intent of the parties, and in doing this we are . . . to consider [the language of the parties' agreement] with the surrounding circumstances.' " *Paul v. Paul*, 235 Ga. 382, 384 (219 SE2d 736) (1975), quoting *Brooke v. Phillips Petroleum Co.*, 113 Ga. App. 742, 744 (2) (149 SE2d 511) (1966). In construing contracts, courts "should look to the substantial purpose which apparently influenced the minds of the parties, rather than at the details of making such purpose effectual." *Brigadier Industries v. Pippin*, 146 Ga. App. 705, 708 (1) (247 SE2d 170) (1978). Furthermore, a contract should be given a reasonable construction that will uphold the agreement rather than a construction that will render the agreement meaningless and ineffective. *Brown v. Chrysler Corp.*, 112 Ga. App. 22, 23 (143 SE2d 575) (1965).

In the instant case, the substantial purpose of Mattie's and Raymond's agreement is clear — to provide for Mattie during her life in the event Raymond predeceased her, and thereafter to provide for members of their respective families. We must therefore strive to give effect to this purpose in determining the meaning of the word "families." The circumstances surrounding the making of the agreement show that Raymond and Mattie had no children. Therefore, the parties must have used the word "families" in a broad sense so as to include relations. In view of this circumstance and in order to avoid holding the agreement meaningless and thereby defeat the purpose of the parties, we find it reasonable to construe the word "families" to

mean those relations who would take under the laws of descent and distribution at the time of Mattie's death. See OCGA § 53-4-2. This construction renders the agreement sufficiently definite to be enforced. We must therefore reverse the trial court's ruling on this issue.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 8, 1989.

*Alex McLennan, Johnson & Montgomery, Harmon W. Caldwell, Jr., Thomas A. Bowman, Harry W. MacDougald,* for appellants.
*Peek & Whaley, J. Corbett Peek, Jr.,* for appellees.