### S90A0476. HAMRICK et al. v. KELLEY.
(392 SE2d 518)

CLARKE, Chief Justice.

This is an action to enforce a covenant not to compete contained in a contract for the sale of a business.[1] Among other things, the covenant prohibited competition by the sellers "in a seventy-five (75) mile radius of the Metro Atlanta, Georgia area."

The trial court held the restricted area to be too vague to be enforceable but "blue penciled" the covenant and enjoined competition within a fifty-mile radius of Winston, Georgia. We reverse.

A trial court may apply the "blue pencil" method where a covenant not to compete ancillary to a contract for the sale of a business designates an area greater than reasonably necessary to protect the purchaser. In such circumstances the court may enjoin the seller

---

[1] We note that the General Assembly has addressed the area of restrictive covenants by the enactment of HB 744, Ga. L. 1990, p. ___ et seq., codified as OCGA § 13-8-2.1, effective July 1, 1990.

"from competing in only so much of that area as it finds from clear and convincing evidence is essential to protect the buyer." *Jenkins v. Jenkins Irrigation, Inc.*, 244 Ga. 95, 101 (259 SE2d 47) (1979). However, we hold that a trial court may not under the guise of the "blue pencil" method *reform* a contract which is otherwise unenforceable by reason of vagueness.

The restriction sought to be imposed here is upon competition in a seventy-five mile radius of the Metro Atlanta, Georgia area. We find that such a radius is impossible to define because there is no clear definition of the area comprising Metro Atlanta, Georgia. We are unable to ascertain whether it means the Standard Metropolitan Statistical Area designated by the United States Census Bureau which changes over time, the counties comprising the Atlanta Regional Commission, or some other geographic designation. For this reason, the contract must fall for lack of clarity in delineating the area restricted from competition. While unreasonableness as to area may be corrected by the "blue pencil" in a contract for the sale of a business, we find no law authorizing such a "blue pencil" correction for vagueness.

The "blue pencil" marks, but it does not write. It may limit an area, thus making it reasonable, but it may not rewrite a contract void for vagueness, making it definite by designating a new, clearly demarcated area. The remedy for vagueness is an action for reformation and not a suit for injunction to enforce the contract. In this case the pleadings contain no prayers for reformation, and we are offered no indication that there is any evidence as to intent that might warrant a reformation of the contract. The change of the center of the restricted area from Metropolitan Atlanta to Winston, Georgia, could only be accomplished by reformation.

*Judgment reversed. All the Justices concur, except Benham, J., who dissents.*

BENHAM, Justice, dissenting.

Because I am convinced that the majority is incorrect in deciding this case on the issue of vagueness, and that it reaches the incorrect conclusion in doing so, I must dissent.

1. The issue of the vagueness of the territorial limitation in the covenant not to compete is not raised by appellants in any of their enumerations of error and was not the basis of any decision by the trial court. The majority has conducted de novo consideration of the evidence in this case and has decided the case on a ground not raised by the appellants.

> The duty of the appellate court is to correct errors alleged to
> have been made in the trial court and not to manufacture

them. [*Hess Oil &c. Corp. v. Nash*, 226 Ga. 706, 709 (177 SE2d 70) (1970).]

The effect of this court's decision is to destroy an agreement made between the parties. If the majority had concluded only that there was insufficient evidence (which I do not believe is the case), the matter could return to the trial court to conduct a new trial with proper guidance, and the agreement for which both sides of this case bargained may have been salvaged.

2. When this court gave the superior courts authority to blue pencil covenants to ensure their reasonableness, it granted broad discretion, permitting the superior court to "make such other territorial provisions as the court in its discretion finds appropriate for the protection of the parties and the public." *Jenkins v. Jenkins Irrigation, Inc.*, 244 Ga., 95, 101 (259 SE2d 47) (1979). The majority's decision in this case runs directly counter to that grant of authority and handcuffs the trial judges, reducing their discretion to a mechanical carving away of territory.

3. Even if this court were properly to consider the issue of vagueness, I believe it has reached the incorrect conclusion on that issue.

[T]he fundamental rule, the rule which swallows up almost all others in construing a contract, is to give it that meaning which will best carry into effect the intent of the parties. This is the object of the rules of interpretation, to discover the true intent of the parties, and in doing this we are to consider the language of the parties' agreement with the surrounding circumstances. In construing contracts, courts should look to the substantial purpose which apparently influenced the minds of the parties, rather than at the details of making such purpose effectual. Furthermore, *a contract should be given a reasonable construction that will uphold the agreement rather than a construction that will render the agreement meaningless and ineffective.* [Emphasis supplied.] [Punctuation and citations omitted.] [*McLendon v. Priest*, 259 Ga. 59, 60 (376 SE2d 679) (1989).]

Reading the agreement between Mr. Hamrick and Kelley, it is patent that they intended that Kelley have protection from competition by Mr. Hamrick in an area described as "a seventy-five mile radius of the Metro Atlanta, Georgia area." The use of the word "radius" presupposes a circle, the center of which is the center of the Metro Atlanta area. It takes no considerable construction to place the center of that circle in the middle of downtown Atlanta, giving a clear starting place for measuring the area in which Mr. Hamrick agreed

not to compete with Kelley. Applying such a reasonable construction, the trial court might well have concluded that the territorial description was not too vague (it clearly did not conclude otherwise), but that it was too broad. In fact, after a passing reference to the ambiguity of the description by means of a rhetorical question, the trial court proceeded to find it too broad. It then exercised exactly the authority given it by this court in *Jenkins*, supra: it made "such other territorial provision as [it found] appropriate for the protection of the parties and the public." In so doing, it gave effect to the intent of the parties and preserved the terms of the agreement for which the parties bargained together. We should respect that exercise of discretion and uphold the portion of the order blue-penciling the territorial restriction. Though the evidence used by the trial court to narrow the geographical restriction of the covenant was slight, I do not agree with the majority that it was insufficient: it was enough to convince the trial court of the extent to which protection of Kelley's interest was necessary, and to provide a reasonable basis for its decision.

4. There was however, one point on which I believe the trial court exceeded its authority. The injunction granted to Kelley in this case purported to control the actions of Mrs. Hamrick as well as Mr. Hamrick, even though Mrs. Hamrick was not a party to the sale of the business to Kelley, not a party to the covenant not to compete, and suffers no legal impediment preventing her from competing against Kelley. Controlling the conduct of Mr. Hamrick, who was a party to the agreement and was the person against whose competition the covenant was directed, would be sufficient to give Kelley the protection she sought and would not bring into the case parties not covered by the contract which prompted the action in the first place.

In summary, I would affirm the judgment of the trial court insofar as it enjoins competition by Mr. Hamrick within a specified geographical region, as defined by the trial court within the exercise of its discretion under *Jenkins*, supra, but I would reverse the judgment to the extent that it purports to control persons outside the agreement between the parties. That resolution being in conflict with that decided upon by the majority, I must respectfully dissent.

DECIDED JUNE 21, 1990 —
RECONSIDERATION DENIED JULY 11, 1990.

*Dodson & Emerson, Joel E. Dodson, James R. Dollar, Jr.,* for appellants.

*Donald R. Donovan,* for appellee.