**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 8, 2014**

# In the Court of Appeals of Georgia

A14A0937. FAB'RIK BOUTIQUE, INC. v. SHOPS AROUND LENOX, INC.

MCFADDEN, Judge.

Fab'rik Boutique, Inc. ("Fab'rik") sought a declaratory judgment that a restrictive covenant in its lease with its landlord, Shops Around Lenox, Inc. ("Shops"), is unenforceable because it is overly broad. Both parties moved for summary judgment, and the trial court denied Fab'rik's motion and granted summary judgment to Shops. We find the restrictive covenant ambiguous, but that ambiguity can be resolved by application of the general rules of contract construction. So construed, the restrictive covenant is not overly broad. Accordingly, we affirm.

1. *Facts.*

To prevail on a motion for summary judgment,

the moving party must show that there exists no genuine issue of material fact, and that the undisputed facts, viewed in the light most favorable to the nonmoving party, demand judgment as a matter of law. Moreover, on appeal from the denial or grant of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

*Atlantic Ins. Brokers v. Slade Hancock Agency*, 287 Ga. App. 677 (652 SE2d 577) (2007) (citation omitted). "[C]ontract disputes are particularly well suited for adjudication by summary judgment because construction of contracts is ordinarily a matter of law for the court." *Waste Mgmt. of Metro Atlanta v. Appalachian Waste Systems*, 286 Ga. App. 476 (649 SE2d 578) (2007) (citation omitted).

The relevant evidence is not in dispute. On November 10, 2009, the parties entered into a three-year commercial lease. The lease required Fab'rik to operate the leased premises under the trade name "Fab'rik" as a "[w]omen's clothing and accessories boutique similar to other Fab'rik boutiques." The lease contained a "radius restriction" under which Fab'rik agreed

not to open or operate another store (other than a store owned by [Fab'rik] as of the [date of the execution of the lease]) within five miles of the [leased p]remises without [Shops'] prior written consent which

2

may be withheld by [Shops] in [Shops'] sole, absolute, and unfettered discretion, and in the event [Fab'rik] breaches this provision, [Fab'rik] shall be in immediate default under this [l]ease.

The lease also contained an option permitting Fab'rik to extend it for three more years, "[p]rovided no [e]vent of [d]efault exists."

In May 2012, Fab'rik informed Shops that it wanted to extend the lease. Shops responded that Fab'rik had defaulted under the lease by opening two other "Fab'rik" stores within five miles of the leased premises, and Shops declined to extend the lease unless Fab'rik cured the default. Instead, Fab'rik filed its complaint asking the trial court to enter a declaratory judgment that it was not in default under the lease and consequently it was entitled to extend the lease. Fab'rik alleged, among other things, that the radius restriction was invalid because it was overly broad.

Both parties moved for summary judgment, and the trial court granted summary judgment to Shops. The trial court construed the radius restriction to apply to the opening or operation of other stores selling women's clothing and accessories under the "Fab'rik" trade name and ruled that this restriction was reasonable.

2. *Construction of the radius restriction.*

3

Fab'rik argues that the trial court improperly construed the radius restriction and that, properly construed, that provision unreasonably prohibited it from opening or operating a store of *any* type, not merely a women's clothing and accessories boutique bearing the "Fab'rik" trade name. We find no error with the trial court's construction of the radius restriction.

Principles of contract construction apply to restrictive covenants just as they apply to other types of contractual provisions. See *Preferred Risk Mut. Ins. Co. v. Jones*, 233 Ga. 423, 424-426 (1) (211 SE2d 720) (1975) (applying general rules of contract construction to establish terms of contract before considering whether terms of noncompete provision were unreasonable); *Azzouz v. Prime Pediatrics*, 296 Ga. App. 602, 604-606 (1) (a) & (b) (675 SE2d 314) (2009) (same) ; *Robinwood, Inc. v. Baker*, 206 Ga. App. 202, 203-205 (2) (425 SE2d 353) (1992) (same). Contract construction

> involves three steps. At least initially, construction is a matter of law for the court. First, the trial court must decide whether the language is clear and unambiguous. If it is, the court simply enforces the contract according to its clear terms; the contract alone is looked to for its meaning. Next, if the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity. Finally, if the ambiguity remains after applying the rules of construction,

4

the issue of what the ambiguous language means and what the parties intended must be resolved by a jury.

*City of Baldwin v. Woodard & Curran, Inc.*, 293 Ga. 19, 30 (3) (743 SE2d 381) (2013) (citation omitted); see also *Azzouz*, 296 Ga. App. at 604 (1) (a).

The radius restriction at issue in this appeal pertinently provides that Fab'rik "agrees not to open or operate *another store* . . . within five miles of the [leased p]remises[.]" (Emphasis supplied.) Fab'rik argues that this provision unambiguously prohibits it from opening a store of any type, focusing on the generality of the word "store." But the plain language of the radius restriction does not prohibit "any store" or "stores of any kind"; it prohibits Fab'rik from opening or operating "*another* store." (Emphasis supplied.) This language, on its face, does not unambiguously provide for the expansive restriction asserted by Fab'rik. See *Citrus Tower Blvd. Imaging Ctr. v. David S. Owens, MD, PC*, 325 Ga. App. 1, 8 (2) (752 SE2d 74) (2013) (contract is unambiguous if, "examining the contract as a whole and affording the words used therein their plain and ordinary meaning, the contract is capable of only one reasonable interpretation") (citation and punctuation omitted). Instead, the phrase "another store" is also open to the interpretation proposed by Shops – that it refers to another store of the specific type addressed in the lease (namely, a

5

"[w]omen's clothing and accessories boutique similar to other Fab'rik boutiques" operating under the "Fab'rik" trade name). See id. (contract is ambiguous where "the words used therein [are] open to various interpretations") (citation and punctuation omitted).

Application of the statutory rules of contract construction resolve this ambiguity in favor of Shops. Under OCGA § 13-2-2 (2), "[w]ords generally bear their usual and common signification[.]" And under OCGA § 13-2-2 (4), "[t]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." The lease as a whole addressed a specific type of store. And in another provision, concerning rent, the lease refers to "other '*Fab'rik*' stores" (emphasis supplied), thereby limiting the meaning of the word "store." Construing the term "another store" to mean other stores of the specific type addressed in other lease provisions is consistent with the usual and common meaning of the word "another" and with the manner in which the concept of a "store" was treated elsewhere in the lease. Moreover, the more expansive construction of the term urged by Fab'rik, which Fab'rik alleges would result in the invalidation of the lease's radius restriction, see generally *Watson v. Waffle House*, 253 Ga. 671, 673 (2) (324 SE2d 175) (1985)

6

(discussing overbreadth of restriction of employment in business "in any capacity"), is not preferred under OCGA § 13-2-2 (4) because it would not uphold the lease in whole and in every part. See *Azzouz*, 296 Ga. App. at 605 (1) (a) (applying this rule of contract construction to reject argument that restrictive covenant should be construed in a manner rendering it unenforceable).

Fab'rik argues that the trial court's construction of the lease in this more limited way constitutes impermissible blue-penciling. (Because the parties entered into the lease before May 11, 2011, the 2011 act revising the law related to restrictive covenants, with its provision on judicial modification of restrictive covenants, does not apply here. See OCGA § 13-8-54 (b); *Holton v. Physician Oncology Svcs.*, 292 Ga. 864, 870 (3) n. 4 (742 SE2d 702) (2013).) "[A] trial court may not under the guise of the 'blue pencil' method reform a contract which is otherwise unenforceable by reason of vagueness." *Waste Mgmt. of Atlanta*, 286 Ga. App. at 481 (1) (citation and emphasis omitted). Applying the general rules of contract construction to determine the meaning of a restrictive covenant, however, is not the same thing as blue-penciling. See *Azzouz*, 296 Ga. App. at 608 (4). The application of the rules of contract construction, and not the "blue pencil" method, resolve any ambiguity in the lease.

3. *Enforceability of the radius restriction.*

> Whether a restrictive covenant violates Georgia law
>
> depends upon whether the covenant can be considered a "reasonable" restraint on competition, given the circumstances of a particular case. Specifically, the restraint imposed must be reasonably limited and it must be reasonably necessary to protect the interest of the party in whose favor it is imposed.

*Carson v. Obor Holding Co.*, 318 Ga. App. 645, 648 (1) (734 SE2d 477) (2012) (citation and punctuation omitted). The level of scrutiny with which the court applies the test for reasonableness varies depending on the nature of the contract containing the restrictive covenant. See generally *OnBrand Media v. Codex Consulting*, 301 Ga. App. 141, 145 (2) (a) (i) (687 SE2d 168) (2009) (discussing levels of scrutiny applicable to restrictive covenants ancillary to different types of contracts).

Although Fab'rik argues that the trial court failed to apply the proper level of scrutiny in this case, the trial court actually pretermitted that issue, holding that the radius restriction was reasonable "[u]nder either strict scrutiny or a more relaxed standard[.]" Even under the strictest level of scrutiny applicable to covenants ancillary to employment contracts, which Fab'rik argues applies to the lease, the covenant "will be upheld if the restraint imposed is not unreasonable, is founded on

8

a valuable consideration, and is reasonably necessary to protect the interest of the party in whose favor it is imposed, and does not unduly prejudice the interests of the public." *W. R. Grace & Co., Dearborn Div. v. Mouyal*, 262 Ga. 464, 465 (1) (422 SE2d 529) (1992) (citation omitted). In analyzing a covenant, we employ a "three-element test of duration, territorial coverage, and scope of activity[,] utilizing it, not as an arbitrary rule but as a helpful tool in examining the reasonableness of the particular factual setting to which it is applied." *Watson*, 253 Ga. at 673 (2).

Fab'rik does not challenge the reasonableness of the restriction's five-mile territorial radius, and the trial court correctly found, as to duration, that the restriction is "co-terminus with the [l]ease." Moreover, as discussed above, the scope of the activity prohibited by the restriction is limited to the opening or operation of the specific type of store covered by the lease – another "Fab'rik"-branded women's clothing and accessories boutique. The trial court did not err in finding the radius restriction to be reasonable in duration, territorial coverage and scope of activity and in granting summary judgment to Shops in Fab'rik's declaratory judgment action.

*Judgment affirmed. Andrews, P. J. and McFadden, J., concur; Ray, J., concurs in the judgment only.*

9